UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2904 |
| | § | |
| SANDY SKANK LEE; a/k/a SKANK; | § | |
| d/b/a VICKI'S BAR & GRILL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Pending before the Court is the plaintiff's, Joe Hand Promotions, Inc., motion for summary judgment (Docket Entry No. 14).  The defendant, Sandy Skank Le a/k/a Xuan Anh Le, individually and d/b/a/ Vicki's Bar & Grill,[1] filed a response with objections to portions of the plaintiff's evidence, along with a cross motion for summary judgment (Docket Entry Nos. 15, 16).  The plaintiff responded to the defendant's cross motion and replied concerning its own motion (Docket Entry Nos. 17, 18).  After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants the plaintiff's motion and denies the defendant's motion.

**II.      Factual Background**

This case concerns a dispute over the amount of money to which the plaintiff is entitled for an incorrectly purchased closed-circuit telecast.  The plaintiff is the broadcast licensee of the closed-circuit telecast of the August 8, 2009 UFC 101: "Declaration," BJ Penn vs. Kenny Florian Lightweight Fight Program, a pay-per-view prizefight event ("the Event").  The Event was

---

[1] Unless otherwise specified, the Court will refer to the defendant as "she."

neither intended for nor readily accessible by the general public because its transmission was electronically coded. Private individuals or commercial establishments contracted with the plaintiff to purchase, at different prices, access to the Event.

The defendant owns Vicki's Bar & Grill, located at 12214 Market Street Road, Houston, TX 77015, and holds license(s)/permit(s) issued by the Texas Alcoholic Beverage Commission. On August 8, 2009, the defendant displayed the Event to at least fifteen of her clientele in her establishment. The defendant had paid Comcast, her cable provider, the residential account price of $44.99 to view the Event on two televisions at her establishment. Had she paid the commercial licensing price, she would have paid $1,025.00. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    Contentions of the Parties

### A.    The Plaintiff's Contentions

The plaintiff contends that the defendant willfully misappropriated the plaintiff's licensed exhibition of the Event, and that she violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605. It asserts that the Communications Act is a strict liability statute, and that the defendant did not plead the affirmative defense of innocent infringer in her answer. It claims that its proffered affidavits constitute permissible evidence, and that its licensing agreement to broadcast the Event is independently admissible into evidence. The plaintiff seeks a variety of statutory damages and injunctive relief.

### B.    The Defendant's Contentions

The defendant contends that she did not receive the Event via satellite, and that thus 47 U.S.C. § 605 does not apply. She argues that she did not violate 47 U.S.C. § 553, because she purchased the Event from Comcast. She also argues that none of her alleged violations were

willful, and that the plaintiff has not proven its damages as a matter of law.  She also objects to certain of the plaintiff's proffered summary judgment evidence.[2]

## IV.     Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)).  The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by

---

[2] The Court overrules the defendant's objections to the plaintiff's summary judgment evidence.  The Court need not address the particulars of those objections because the parties do not dispute the essential facts necessary to resolve this dispute, regardless of whether the contentious summary judgment evidence is admitted.

unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted).  Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     Analysis and Discussion

The Court grants the plaintiff's motion and denies the defendant's motion.   The Communications Act is a strict liability statute.   Section 553[3] addresses receipt of a broadcast via cable, and Section 605[4] addresses receipt of satellite signals.   As a strict liability statute, to prove a violation, the plaintiff need only show that the Event was shown in the defendant's establishment without the plaintiff's authorization.   *See* 47 U.S.C. § 605; *Garden City Boxing Club, Inc. v. Vinson*, No. 3:03-CV-0700-BD(P), 2003 U.S. Dist. LEXIS 26180, at *6 (N.D. Tex. Sept. 3, 2003) ("The fact that the defendant may have purchased and lawfully received the Lewis-Tyson fight from DirecTV does not immunize her from liability for then broadcasting the event to patrons at her bar without obtaining authorization from the plaintiff, the exclusive licensee.") (internal citations omitted).

The parties dispute whether both Sections 553 and 605 should apply, or whether only one of those sections applies to the present facts.   There is some division amongst courts regarding this issue, but many federal courts have found that both sections apply to analogous fact patterns. *See Entm't by J & J v. Al-Waha Enters.*, 219 F. Supp. 2d 769, 774 (S.D. Tex. 2002) (collecting cases from various circuits).   Regardless, the Court need not determine whether one or both sections apply, for either way, the Court determines that the plaintiff is entitled to the same form of relief, as detailed in the following paragraphs.   *See Garden City Boxing Club, Inc.*, 2003 U.S.

---

[3] 47 U.S.C. § 553 provides, *inter alia*, that:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[4] 47 U.S.C. § 605 reads, in relevant part, that:
> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person.   No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Dist. LEXIS 26180, at *10 ("the remedies under sections 605 and 553 are not cumulative") (internal citations omitted).

The Court determines that the defendant violated the Communications Act, but that her violation was not willful.  In August 2009, the defendant contacted Comcast to purchase the Event, which in turn transmitted it to the defendant.  The defendant's Comcast account and bills expressly reflect that it is a commercial business by listing "Vicki's Bar & Grill" as the customer.  The Court determines that Comcast thus knew the commercial purpose of the account. Comcast charged the defendant a fee to access the Event, and the plaintiff has not shown as a matter of law that the defendant should have known that the fee was incorrect.  *See Garden City Boxing Club, Inc. v. Vinson*, 2003 U.S. Dist. LEXIS 26180, * 8-9.  The defendant admits, however, that she did not purchase the right to broadcast the Event from the plaintiff.  Thus, the Court determines that the defendant owes the plaintiff $1,025.00, the price it would have paid had the defendant paid the correct amount in the first place.

Also, the Court awards the plaintiff $250.00 in statutory damages.  The Court is vested with significant discretion regarding the issue of statutory damages, and it is allowed to reduce the statutory damage amount to $250.00, "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section." 47 U.S.C. § 605(e)(C)(iii).  The Court determines that the defendant's violation was inadvertent, and hence the Court's low statutory damage award.  Pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii), the Court awards the plaintiff all costs, and an attorney's fee of $2,500.00 for bringing this action, as well as injunctive relief from future violations of the Communications

Act.  The plaintiff is instructed to submit an affidavit of costs to the Court within ten days of the entry of this Memorandum Opinion and Order.[5]

**VI.     Conclusion**

Based on the foregoing discussion, the Court GRANTS the plaintiff's motion and DENIES the defendant's motion.   The plaintiff is instructed to prepare a final judgment consistent with this Memorandum.

It is so ORDERED.

SIGNED at Houston, Texas this 24th day of May, 2012.

_____
Kenneth M. Hoyt
United States District Judge

---

[5] For clarity's sake, the plaintiff will thus receive injunctive relief, a total of $3,775.00 ($1,025.00 + $250.00 + $2,500.00), plus whatever costs the Court ultimately deems appropriate.